UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS DAY PRIMES,<br><br>        Petitioner,<br><br>    v.<br><br>JOE LIZARRAGA,<br><br>        Respondent. | No. 2:18-cv-02059 AC P<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, together with a motion for leave to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, petitioner's motion to proceed in forma pauperis, ECF No. 2, will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. The Advisory Committee Notes to Rule 4 provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Habeas Rule 4, Advisory Committee Notes (1976 Adoption) (citation omitted). Pertinent to the instant case, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough,

547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. at 210. "Thus, while the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001) (citation omitted).

The petition appears to be petitioner's first federal habeas petition. The petition challenges petitioner's 2002 convictions for sexual crimes involving a minor and petitioner's resulting 73-year sentence. The petition alleges four grounds for relief: ineffective assistance of trial and appellate counsel, prosecutorial misconduct, failure of the state to provide petitioner with expert psychiatric evaluation and testimony, and actual innocence. Petitioner states that he has been filing writs of habeas corpus in the state courts for the last ten years, without success, and that any problem with the timeliness of the instant petition is due to petitioner's severe memory loss due to having "a bullet in [his] brain." ECF No. 1 at 11, 13.

It appears, upon initial review, that the instant petition does not satisfy two threshold requirements for obtaining this court's habeas jurisdiction. First, federal habeas petitions filed pursuant to 28 U.S.C. § 2254 must comply with a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). Second, this court may consider only those claims that were exhausted in the state courts. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies this exhaustion requirement by providing the highest state court with a full and fair opportunity to consider his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); see also, Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In the present case, California's highest court last considered plaintiff's conviction in 2004 (petition for review denied by the California Supreme Court on June 9, 2004), and 2007 (petition for writ of habeas corpus denied by the California Supreme Court on March 14, 2007, with citations to In re Dixon (1953) 41 Cal.2d 756; In re Lindley (1947) 29 Cal.2d 709; In re Swain

////

2

(1949) 34 Cal.2d 300, 304; and People v. Duvall (1995) 9 Cal.4th 464, 474)).[1] Any federal claims exhausted in these state proceedings had to be presented to the federal court within one year, subject to any additional time based on statutory tolling[2] or equitable tolling. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no statutory tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the limitations period has already run). Moreover, there is no statutory tolling for the period between a final state court decision and the filing of a federal petition. Duncan v. Walker, 533 U.S. 167 (2001).

Additionally, it is unlikely that petitioner can demonstrate entitlement to equitable tolling for a period of approximately ten years. To obtain equitable tolling a petitioner must establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Equitable tolling is appropriate only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," and petitioner demonstrates "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Spitzyn v Moore, 345 F. 3d 796, 799 (9th Cir. 2003) (citations and internal quotation marks omitted). "The threshold

---

[1] This information is taken from the Case Information website operated by the California Supreme Court. See http://appellatecases.courtinfo.ca.gov/search. This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)). "A California court's determination that a filing was untimely . . . is dispositive." Banjo, 614 F.3d at 968 (citing Carey v. Saffold, 536 U.S. 214, 225-26 (2002)).

necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation and internal quotation marks and punctuation omitted). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Petitioner bears the burden of proving application of equitable tolling. Banjo, 614 F.3d at 967 (citations omitted).

Finally, it appears that any new federal claims petitioner may have pursued in the state courts after 2007 were not exhausted in the California Supreme Court.

It is reasonable to infer from the circumstances of the instant petition that it is time-barred and that some or all of the claims remain unexhausted in the California Supreme Court. Therefore, petitioner will be directed to show cause why this action should not be dismissed for lack of jurisdiction, and respondent will be directed to file a response.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 2, is granted.

2. This Order to Show Cause shall serve as adequate notice to petitioner that the court is considering whether to dismiss this case upon screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

3. Petitioner shall, within thirty days after the filing date of this order, file and serve a statement informing the court whether dismissal of the petition is appropriate due to untimeliness and/or failure to exhaust state court remedies, OR demonstrating why this action should not be dismissed.

4. Respondent shall file and serve a response within fourteen (14) days after service of petitioner's statement.

5. The Clerk of Court is directed to serve a copy of this order, and a copy of the petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), on Tami Krenzin, Supervising Deputy Attorney General.

IT IS SO ORDERED.

DATED: August 1, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE